IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLENE G. HARTMAN,**<br>Plaintiff, | **CIVIL ACTION** |
| v. | |
| **CITY OF PHILADELPHIA,**<br>Defendant. | **NO. 15-924** |

## MEMORANDUM OPINION

This case arises out of Defendant City of Philadelphia's decision to reject Plaintiff for a promotion following a probationary period in which she served as a Code Enforcement Inspector I ("CEI I") for the City's Department of Licenses & Inspections ("L&I Department"). Plaintiff, who was sixty-two years old at the time of her probation in 2012, alleges that in rejecting her for job at the end of her probationary period, Defendant discriminated against her in violation of the Age Discrimination in Employment Act ("ADA"), 29 U.S.C. §§ 621 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.*[1]  Before the Court is Defendant's Motion for Summary Judgment.

## I.  LEGAL STANDARD

"[S]ummary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Alabama v. North Carolina*, 560 U.S. 330, 345 (2010) (citations and internal quotation marks omitted). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington*

---
[1] "[T]he PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently." *Burton v. Teleflex, Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (citing *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 265 n.5 (3d Cir. 2006).)  The PHRA provisions relevant here present no such issue, and accordingly, the Court will generally refer only to the ADEA in this opinion. *Id.* (citing *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 499 n.3 (3d Cir. 2010)).

*Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-52 (1986)).  "The non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Id.* (citing *Celotex*, 477 U.S. at 322-26).

The ADEA makes it unlawful, *inter alia*, for an employer to fire a person who is at least forty years old because of his or her age.  29 U.S.C. §§ 623(a), 631(a).  In order to survive this motion for summary judgment, Plaintiff must present circumstantial evidence of discrimination that satisfies the three-step framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Smith v. City of Allentown*, 589 F.3d 684 (3d Cir. 2009) (reaffirming use of *McDonnell Douglas* standard in ADEA cases).  Under the first step in the *McDonnell Douglas* analysis, the plaintiff bears the burden of making out a *prima facie* case of discrimination, which requires the plaintiff to show that: (1) she is forty years of age or older; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus."  *Burton v. Teleflex, Inc.*, 707 F.3d 417, 426 (3d Cir. 2013) (citations omitted).  Once the plaintiff makes out her *prima facie* case, the burden of production shifts to the defendant to offer a legitimate non-discriminatory justification for the adverse employment action.  *Id*. (first alteration added).  If the defendant meets its burden, the burden is then shifted back to the plaintiff to provide evidence from which a factfinder could reasonably infer that the employer's proffered justification is merely a pretext for discrimination.  *Id.*  To make a showing of pretext, the plaintiff must point to some evidence from which a factfinder could reasonably either: "(1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an

invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" *Id.* at 427 (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). The plaintiff bears the burden of persuasion at all times. *Smith*, 589 F.3d at 690.

## II.     DISCUSSION

The Court will not provide a full recitation of the facts because this Memorandum Opinion is solely for the benefit of the parties. For purposes of its motion, Defendant does not dispute that Plaintiff could establish a *prima facie* case for discrimination and relies solely on its argument that she cannot establish pretext. Mot. at 6. Defendant contends that it had a legitimate, non-discriminatory reason for rejecting Plaintiff from probation, to wit, Plaintiff's job performance during the probationary period was not acceptable. *Id.* at 6-7. In particular, Defendant argues that Plaintiff received "unsatisfactory" ratings during the course of her probationary period, and that Plaintiff admitted during her deposition that there were issues with her work performance. *Id.* at 7. Defendant further points to the Rejection Notice sent to Plaintiff on September 21, 2012, in which Plaintiff's supervisor, Ela Fernandez, explains that: (1) Plaintiff's use of a job-required computer application was "limited"; (2) that "[o]n several occasions, [Fernandez] had to correct [her] work"; and, (3) at times, Plaintiff was not able to "direct" her cases to the proper authority so that further action could be taken by the L&I Department. JA 797.

Plaintiff does not dispute that errors were found in her work.[2] *See* Opp'n at 3. However, she argues that this rationale for the decision not to hire her permanently is pretextual. Specifically, Plaintiff contends that Vladamar Johnson, another probationary CEI I employee

---

[2]   In her opposition papers, Plaintiff failed to respond to the factual allegations set forth in Defendant's Statement of Material Facts (SOMF) and merely stated that "if true," Defendant's statement of facts would not support a finding for Defendant. Pl's Statement of Undisputed Facts at 1. Because Plaintiff has failed to point to anything in the record that controverts Defendant's factual representations, the Court construes the facts stated in Defendant's SOMF as true. *See* Fed. R. Civ. P. 56(e).

3

supervised by Fernandez who was thirty years younger than her, was treated more favorably than she was because he was provided with a better computer and more one-on-one training, and because Fernandez overlooked Johnson's mistakes while focusing on those made by Plaintiff. *Id*. at 3-5. By contrast, Plaintiff contends that she was "set up to fail." *Id*. at 5. For example, Plaintiff states that even though she was given a computer that was "barely functional" and which prevented her from doing her job, Fernandez evaluated Plaintiff's work poorly without acknowledging her computer issues, even though Fernandez knew that the computer was defective. *Id*. at 3. Plaintiff argues further that although both she and Johnson made errors during the probationary period, Fernandez's notes from that time overwhelmingly focus on the mistakes made by Plaintiff. *Id*. at 4. Finally, Plaintiff argues that despite documenting Plaintiff's errors, Fernandez disproportionately "provided hours of training and direction" to Johnson. *Id*. at 4-5.

  Plaintiff's arguments about Johnson are insufficient to meet her burden to point to evidence that would allow a factfinder to either disbelieve Defendant's proffered reason for rejecting plaintiff or conclude that invidious discrimination was "more likely than not a motivating or determinative cause" of Defendant's action. *Fuentes*, 32 F.3d at 762, 764. A plaintiff cannot establish pretext by selectively focusing on one younger comparator. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 650 (3d Cir. 2015) (quoting *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 645-46 (3d Cir. 2013) ("A decision adversely affecting an older employee does not become a discriminatory decision merely because one younger employee is treated differently."). Plaintiff has offered nothing more than generalized observations that Fernandez treated Johnson more favorably than she did Plaintiff. Under *Willis* and *Simpson*, this evidence is insufficient to establish pretext. Even if true, Plaintiff has pointed

to no record evidence from which the Court could conclude that the reason Fernandez treated Johnson more favorably was age discrimination and not, as Defendant argues, because Johnson was a better employee.  Reply at 3.  The Court therefore concludes that Plaintiff has failed to raise an issue of material fact that Defendant's stated business reasons for rejecting Plaintiff were pretextual.  Accordingly, the motion for summary judgment shall be granted.

        **BY THE COURT:**

        **/S/WENDY BEETLESTONE, J.**

        _____
        **WENDY BEETLESTONE, J.**